**Pamela Kay LAZAROV, Plaintiff-Appellant,**

v.

**David LAZAROV, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

March 10, 1987.

Application for Permission to Appeal Denied May 4, 1987.

Seymour S. Rosenberg, Memphis, for plaintiff-appellant.

Richard Glassman, Memphis, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff, Pamela Kay Lazarov, appeals from the order of the trial court granting

summary judgment for defendant, David Lazarov, and dismissing her case.

There is no controversy regarding the pertinent facts. Plaintiff sustained personal injuries on September 7, 1983, while a passenger in an automobile driven by her husband, the defendant herein, when the automobile without any involvement with another vehicle ran off the highway and hit a guardrail.

The parties separated in June, 1984, this case was filed August 30, 1984, and the parties were divorced by decree entered September 19, 1984.

Defendant filed a motion to dismiss plaintiff's action claiming interspousal immunity. Interspousal immunity was totally abolished by our Supreme Court in an opinion filed October 3, 1983. *Davis v. Davis,* 657 S.W.2d 753 (Tenn.1983). However, in *Davis,* the court did not decide as to the application of its holding.

The application of the *Davis* holding was considered by our Supreme Court in *Lease v. Tipton,* 722 S.W.2d 379 (Tenn.1986). In *Lease,* the wife was a passenger in an automobile being driven by her husband when it collided with another vehicle. Initially she filed suit against the owner and operator of the other vehicle and, after the Supreme Court announced its decision in *Davis,* sought to amend her complaint to add her husband as an additional defendant. The court adopted the pipeline approach which was previously applied in *Luna v. Clayton,* 655 S.W.2d 893 (Tenn. 1983) and held:

> The pipeline approach results in the application of the new principal of law [*Davis v. Davis* ] to the litigants at bar, to all actions pending on the date the decision announcing the change becomes final and to all causes of action arising thereafter.

*Id.* at 379.

> The court applied this holding by stating:
> Although the statute of limitations had not run, her cause of action arose before October 3, 1983, and plaintiff could not rely on *Davis,* under the pipeline ap-

proach, unless she had a suit pending against her husband on October 3, 1983.

*Id.* at 380.

The trial court in the case sub judice premised its granting of the summary judgment and dismissal of plaintiff's action on the holding of *Lease v. Tipton.* The sole issue before this court is whether the trial court erred in granting summary judgment and dismissing plaintiff's suit. Plaintiff contends that the trial court erred in several respects in its decision.

First, plaintiff asserts that the court erred in not construing this case under *Luna v. Clayton.*

■ Plaintiff contends that defendant husband was guilty of an intentional tort since he entered a guilty plea to a charge of reckless driving under T.C.A. § 55–10–205 (1980), and that *Luna v. Clayton,* 655 S.W.2d 893 (Tenn.1983), opinion filed August 22, 1983, is controlling for interspousal suits for intentional torts. Rather than unduly prolonging this opinion, we will assume for the purpose of argument that defendant's violation of the reckless driving statute was an intentional tort. Even with this assumption, plaintiff's reliance on *Luna v. Clayton,* is misplaced. In *Luna,* the court held:

> We hold today that an action for wrongful death against one spouse may be maintained when it is predicated upon an intentional tort to the other spouse during marriage, such act resulting in the termination of the marriage by death.
>
> \*   \*   \*   \*   \*   \*
>
> In this case we decide on the narrow question presented by the facts. Whether the reasons underpinning the doctrine of interspousal immunity are valid and viable within other contexts must await future consideration.

*Id.* at 897.

Our Supreme Court clearly restricted its holding in *Luna v. Clayton,* and the plaintiff's case herein does not meet the criterion established. Plaintiff's first assertion is without merit.

■ Plaintiff's second, third, and fifth assertions of error will be considered together. These are:

2. The decision in *Lease v. Tipton* violated and is in conflict with the statute of limitations for personal injuries, T.C.A. § 28–3–104.

3. That the pipeline approach adopted by the Supreme Court violates the United States Constitution and the Tennessee Constitution.

5. The trial court erred in applying the pipeline approach to this case.

In *Lease v. Tipton,* as in the case sub judice, the wife's cause of action against her husband arose prior to the *Davis* decision. In *Lease v. Tipton,* as in the case sub judice the statute of limitations had not run. Save for actual dates the facts are identical.

There is a marked difference between the Supreme Court, the highest court in the state, and the Court of Appeals, an intermediate appellate court. It is the duty of the Court of Appeals to apply the law as promulgated by the legislature, or as announced by the Supreme Court. This court is bound by the Supreme Court's decisions under the doctrine of *stare decisis* and in no way is it the function of this court to intentionally reverse a holding of the Supreme Court. Therefore, for consideration by this court, plaintiff's assertions are without merit.

■ Plaintiff's fourth contention is that since plaintiff was disabled mentally and physically from the date of the accident past October 3, 1983, she should not be included in the rule announced by *Lease v. Tipton.*

Although there are court decisions tolling the statute of limitations or periods of limitations for doing various acts because of the disability of the party involved, the Supreme Court in its pronouncement in *Lease v. Tipton,* made no such exception. The application of the *Davis* holding is a matter entirely within the Supreme Court's discretion under its judicial policy power, and we cannot exercise the discretion belonging to the Supreme Court. Accordingly, for consideration by this Court, this assertion is without merit.

Plaintiff's sixth assertion is that the doctrine of interspousal immunity was abolished by virtue of the Married Women's Emancipation Act, T.C.A. § 36–3–504 which was adopted in 1913.

This same contention was made in *Luna v. Clayton,* 655 S.W.2d 893 (Tenn.1983), and in response thereto Justice Fones speaking for the court said:

> Neither are we now inclined to construe the Act accordingly and deviate from this Court's prior construction and reasoning initially enunciated in *Lillienkamp v. Rippentoe, supra:*
>
>> "We must assume that the legislature had in mind in the passage of the act the fundamental doctrine of the unity of husband and wife under the common law, and the correlative duties of husband and wife to each other, and to the well-being of the social order growing out of the marriage relation, and that, if it had been the purpose of the legislature to alter these further than as indicated in the act, that purpose would have been clearly expressed, or would have appeared by necessary implication.
>>
>> *We are not warranted in ascribing to the Legislature by anything appearing in this act a purpose to empower a wife to bring an action against her husband for injuries to her person occurring during the coverture,* thereby making public scandal of family discord, to the hurt of the reputation of husband and wife, their families and connections, unless such purpose clearly appears by the express terms of the act." 133 Tenn. [57] at 64, 179 S.W. [628] at 629 [(1915)].

*Id.* at 895 (Emphasis supplied).

This assertion is without merit.

Accordingly, the judgment of the trial court is affirmed and plaintiff's case is dismissed. Costs are assessed against the appellant.

TOMLIN, P.J. (W.S.), and SUMMERS, J. (Retired), concur.