IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 25, 2005

# KENNETH B. WHITE v. DR. WILLIAM BACON, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-3644      Walter Kurtz, Judge**

---

**No. M2004-02110-COA-R3-CV - Filed January 26, 2006**

---

Inmate filed a medical malpractice and negligence action against Defendants involved in his care following a slip-and-fall injury at the prison and Defendants involved in the maintenance of the prison. The trial court dismissed all named Defendants and inmate appeals. We affirm the decision of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Kenneth B. White, Clifton, Tennessee, pro se.

Bryan Essary and Kelly R. Thomas, Nashville, Tennessee for the appellee, William Bacon, M.D.

George A. Dean, Nashville, Tennessee, for the appellee, Dr. Robert Coble.

James I. Pentecost and Brandon O. Gibson, Jackson, Tennessee, for the appellees, Corrections Corporation of America and Kevin Myers.

Jerry O. Potter and Stephen G. Smith, II, Memphis, Tennessee, for the appellee, Correctional Medical Services, Inc.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; John H. Sinclair, Jr., Sr. Counsel, for the appellees Bijuara Ramakrishaiah and Tennessee Department of Correction and Commissioner Quenton White.

## OPINION

Kenneth White ("White") is an inmate in the custody of the Tennessee Department of Correction ("TDOC"), confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On December 22, 2001, White slipped and fell in the common area of his living unit. He was thereafter transported to Wayne County Medical Center for evaluation, where he was diagnosed with a fractured femur. White was then brought to the emergency room at Metropolitan Nashville General Hospital.

White was treated at Metropolitan Nashville General Hospital by William Bacon, M.D. ("Dr. Bacon"), an orthopedic surgeon. Dr. Bacon ordered x-rays which revealed a displaced mid-shaft fracture of White's left femur below the tip of the stem of the femoral component from a left total hip arthroplasty. On December 24, 2001, Dr. Bacon performed surgery to correct the injury to White's leg.

White was discharged to the DeBerry Special Needs Facility on December 27, 2001, where he remained until January 2, 2002, when he was returned to the SCCF. Upon his return to the SCCF, White was placed under the care of Robert Coble, M.D. ("Dr. Coble"), a physician providing medical services to Tennessee state inmates confined at the SCCF.

On March 1, 2002, White began to complain about pain in his left leg. On March 6, 2002, Dr. Coble ordered an x-ray of White's leg which showed a possible abnormality. Dr. Coble made an appointment at the Murfreesboro Bone and Joint Clinic for the following week and based on the consultation, Dr. Coble ordered another surgery to perform open reduction and internal fixation of White's left hip.

On April 7, 2002, White was escorted to Maury Regional Hospital for surgery performed by Dr. Eslick Daniel ("Dr. Daniel"). On April 12, 2002, he returned from surgery at Maury Regional and was admitted to the SCCF infirmary for observation and care under Dr. Coble. White returned to the Bone and Joint Clinic on two occasions for follow-up appointments. During his December 5, 2002, appointment, Dr. Daniel determined that White required a one and a half inch lift for his left shoe, which was attached on December 13, 2002.

On December 20, 2002, White filed a medical malpractice action against Metropolitan Nashville General Hospital, Dr. Bacon, and Dr. Coble in the Davidson County Circuit Court. White claimed that Dr. Bacon was medically negligent in the performance of his initial surgery and that Dr. Coble was negligent in his diagnosis and post-operative treatment.

On June 26, 2003, White filed a motion to amend his complaint and an amended complaint. The amended complaint named Corrections Corporation of America ("CCA"), a private corporation under contract with the TDOC to operate the SCCF, and Kevin Myers ("Myers"), warden of the SCCF. White claimed that CCA and Myers negligently maintained the floors in the SCCF, which caused his fall. White also named Correctional Medical Services, Inc. ("CMS"), a private corporation who contracted with the TDOC to provide medical care and treatment to prison inmates, and Bijuara Ramakrishaiah ("Ramakrishaiah"), a physician's assistant employed by the TDOC.

White asserted that CMS and Ramakrishaiah negligently failed to follow certain post-operative care instructions which compounded his injuries.

On February 26, 2004, White filed both a motion for leave to file a second amendment and a second complaint, naming the TDOC and Commissioner Quenton White ("Commissioner White"). White asserted that the TDOC and Commissioner White were made aware of White's medical needs but failed to see that he was provided medical care. On June 10, 2004, White filed a supplement to his complaint alleging for the first time that Defendants' conduct constituted deliberate indifference.

On March 9, 2004, the trial court dismissed Defendants CCA and Myers based on their August 21, 2003, motion to dismiss. The court found that White's amended complaint, which named CCA and Myers, violated Tennessee Rule of Civil Procedure 15.01 because the amended complaint was filed after a responsive pleading but without court order or adverse party written consent.

On April 7, 2004, the trial court dismissed Defendant CMS based on its October 20, 2003, motion to dismiss. The court determined that White's claim for negligent post-operative care against CMS was beyond the statute of limitations because White was aware of the alleged injury and malpractice by March 2002, however, he did not file his suit against CMS until June 26, 2003.

On May 7, 2004, the trial court dismissed Dr. Bacon based on his February 19, 2004, motion for summary judgment. The court based its decision on White's failure to submit any expert proof to support his allegations of medical malpractice after Dr. Bacon provided expert proof negating elements of White's claim.

On May 18, 2004, the trial court dismissed Defendants the TDOC, Commissioner White, and Ramakrishaiah based on their March 29, 2004, motion for summary judgment. The court found that the State and its officers were immune from White's negligence action pursuant to Tennessee Code Annotated sections 9-8-307 and 20-13-102.

On August 17, 2004, the trial court dismissed White's final Defendant, Dr. Coble, based on his June 15, 2004, motion for summary judgment. The court based its decision on White's failure to respond to Dr. Coble's motion, which presented expert proof negating elements of White's claim.

White filed a timely appeal. On appeal, White asserts that the trial court erred in (1) granting Dr. Coble's motion for summary judgment; (2) granting Dr. Bacon's motion for summary judgment; (3) denying his motion for appointment of counsel; (4) denying his motion for an evidentiary hearing; (5) denying his motion for written depositions; (6) granting CCA and Myers' motion to dismiss; (7) granting CMS' motion to dismiss; (8) granting the TDOC, Commissioner White and Ramakrishaiah's motion for summary judgment; (9) not accepting his supplemental complaint which raised allegations of deliberate indifference; (10) denying his motion to stay proceedings and motion to reconsider; and, (11) dismissing Defendants without reconsidering his Rule 60 motions.

I. Dr. Coble's Motion for Summary Judgment

In reviewing a motion for summary judgment, the Court must examine the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party. *Kelley v. Middle Tenn. Emergency Physicians, P.C.*, 133 S.W.3d 587, 591 (Tenn.2004). The Court reviews the record *de novo* with no presumption of correctness below. *Kelley*, 133 S.W.3d at 591. Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and that judgment may be rendered as a matter of law. Tenn.R.Civ.P. 56.04.

The burden of proof a plaintiff must meet in order to maintain a cause of action for medical malpractice is outlined in Tennessee Code Annotated section 29-26-115(a), which states:

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a).

In this case, Dr. Coble filed a motion for summary judgment on June 15, 2004, attaching the affidavit of Dr. Donald Boatright. Dr. Boatright's affidavit provided:

> 3. In my opinion, within a reasonable degree of medical certainty, Dr. Coble and the other health care providers complied with the standard of acceptable professional practice in their care and treatment of this plaintiff.
>
> 4. Within a reasonable degree of medical certainty, nothing that Dr. Coble or any other of the health care providers did or did not do caused the plaintiff any harm which would not otherwise have occurred to this plaintiff.

Dr. Coble's motion and Dr. Boatright's attached affidavit therefore affirmatively negated two essential elements of White's medical malpractice claim. Once a party moving for summary judgment establishes that there is no genuine issue of material fact, "the nonmoving party cannot simply rely on his pleading, but must set forth specific facts showing that there is a genuine issue of

material fact for trial." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn.1993). White failed to respond to Dr. Coble's motion and as result, he failed set forth any specific facts showing that there was a genuine issue for trial.

## II. Dr. Bacon's Motion for Summary Judgment

Dr. Bacon's motion for summary was supported by his own affidavit which stated in pertinent part:

> 10.     The care and treatment I provided to Mr. White complied with the recognized standard of acceptable professional practice applicable to orthopedic surgeons providing care to patients similar to Kenneth White, as that standard existed in Nashville and in similar communities during the time of his care.
> 11.     The care and treatment I provided to Mr. White caused no harm or injury that otherwise would not have occurred.

Dr. Bacon's motion and affidavit therefore negated two essential elements of White's claim and shifted the burden to White to rebut Dr. Bacon's expert proof. However, White submitted only his own affidavit and various medical records in response to Dr. Bacon's motion. It is well established that expert testimony is required to establish the standard of care, a deviation from the standard of care, and proximate causation in all medical malpractice actions except those in which the alleged negligence is within "the common knowledge of laymen." *Phelps v. Vanderbilt Univ.*, 520 S.W.2d 353, 357 (Tenn.Ct.App.1974). Only the most obvious forms of negligence fall within the common knowledge exception. *Ayers by Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155, 160 (Tenn.Ct.App.1984).

The Tennessee Supreme Court has held that "in those malpractice actions wherein expert testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise." *Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn.1977). Because the alleged malpractice in this case is not within "the common knowledge of laymen" and because White failed to submit any expert testimony rebutting Dr. Bacon's affidavit, the trial court properly granted Dr. Bacon's motion for summary judgment.

## III. The Denial of White's Motion for Appointment of Counsel

White filed a motion for appointment of counsel on February 6, 2003. The circumstances upon which White based his motion included his confinement at the SCCF, the lack of a law library or trained legal aides at the SCCF, and limited access to the SCCF typewriter. The trial court denied White's motion on April 21, 2004, stating, "There are certainly exceptional cases where the Court can use its authority pursuant to T.C.A. § 23-2-101 to appoint counsel in a civil case. The facts and circumstances set out here are not sufficient for the Court to appoint counsel. The motion for appointment is denied."

Tennessee case law is clear that there is no absolute right to counsel in a civil trial, *Memphis Bd. of Realtors v. Cohen*, 786 S.W.2d 951, 953 (Tenn.Ct.App. 1990), and the decision to appoint counsel is well within the discretion of the trial court and may only be overturned upon a showing of an abuse of discretion. *State v. Rubio*, 746 S.W.2d 732, 737 (Tenn.Ct.Crim.App.1987). Nothing in the record reflects an abuse of discretion therefore, we find that the trial court did not err in denying White's motion for the appointment of counsel.

### IV. The Denial of White's Motions for Written Depositions

White filed a Motion for Depositions on Written Questions Pursuant to Tennessee Rule of Civil Procedure, Rule 31 to Dr. Coble and a Motion for Depositions on Written Questions Pursuant to Tennessee Rule of Civil Procedure, Rule 31 to Dr. Bacon on May 24, 2004, which were docketed for July 9, 2004. White also filed a Motion for Written Deposition of Dr. Robert Coble, a Motion for Written Deposition of Dr. William Bacon, and a Motion for Written Deposition of Dr. Donald Boatright on July 6, 2004, however, theses motions were never docketed.

The trial court denied White's motions on July 9, 2004, stating, "The Tennessee Rules of Civil Procedure, including Tenn. R. Civ. P. 31, do not contemplate such motions. Accordingly, the motions are denied." Rule 31.01 of the Tennessee Rules of Civil Procedure provides:

> After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
> A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with provisions of Rule 30.02(6).
> Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

Tenn.R.Civ.P. 31.01.

Clearly, there is no requirement that a motion be filed with the court in order to take a deposition upon written questions pursuant to Rule 31.01 of the Tennessee Rules of Civil Procedure.

Furthermore, White failed to designate the name, title, and address of the officer before whom the depositions were to be taken as required by Rule 31.01. Therefore, we find that the trial court properly denied White's motions for written depositions.

## V. CCA and Myers' Motion to Dismiss

White filed a motion to amend his complaint and an amended complaint on June 26, 2003, which added CCA and Myers, among others, as Defendants. Defendants CCA and Myers filed a motion to dismiss on August 21, 2003, claiming that White failed to comply with Rule 15.01 of the Tennessee Rules of Civil Procedure and that White's claim was barred by the statute of limitations. The trial court granted CCA and Myers' motion on March 9, 2004, based on a violation of Rule 15.01, stating in part:

> The plaintiff filed a Complaint on December 20, 2002, but he did not name [CCA or Myers] and did not explicitly state a slip-and-fall claim. Defendant Robert Coble, M.D., named in the original complaint, filed his answer on January 21, 2003. On June 26, 2003, the plaintiff filed both a motion to amend his original complaint and an Amended Complaint with accompanying witness affidavits. The Amended Complaint names Defendants CCA and Kevin Myers, among other new defendants, and states a negligence claim based on the alleged slip and fall. The motion to amend was never properly docketed, and therefore, no order allowing the amendment was ever entered ... The defendants' motion to dismiss is premised on a violation of T.R.C.P. 15.01 and, in the alternative, on an alleged statute of limitations violation.
>
> In his response, the plaintiff argues that a liberal application of T.R.C.P. 15 permits his amendment and that the claims in the Amended Complaint against the newly named defendants do not violate the statute of limitations.
>
> > T.R.C.P. 15.01 states in pertinent part:
> >
> > A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.
>
> The defendants correctly assert that the Amended Complaint was filed after Defendant Coble answered the original complaint. Further, neither consent from CCA and/or Mr. Myers nor, as noted above, court order permitting amendment is present in the record.
>
> The Amended Complaint now before the Court violates T.R.C.P. 15.01. See Boyd v. Prime Focus, Inc., 83 S.W.3d 761, 767 (Tenn. Ct. App. 2001). The Amended Complaint was filed after a responsive pleading but without court order or adverse party written consent. The Court, finding that the Amended Complaint was

improperly filed, pretermits the statute of limitations issue. The claims against CCA and Kevin Myers are dismissed.

In *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761 (Tenn.Ct.App.2001), plaintiffs filed a suit against defendant, Prime Focus. Much like White, plaintiffs amended their complaint adding two new defendants after Prime Focus had filed its answer, without properly obtaining leave of court to do so. *Boyd*, 83 S.W.3d at 767. The court stated:

> Plaintiffs' final assertion is that the court in Boyd II erred when it found that Plaintiffs failed to secure leave of the court before amending their complaint against Prime Focus to join Dr. Bruce and D & C. As we understand it, Plaintiffs assert that they were not required to seek leave of the court to amend their complaint because, although an answer had been filed by Prime Focus, no answer had been filed by Dr. Bruce and D & C, to whom the amendments applied. This argument is without merit and reflects Plaintiffs' misreading of the rules. Tenn. R. Civ. P. 15.01 permits a party to amend his complaint once as a matter of course before a responsive pleading is served. Once a responsive pleading has been filed by the named opposing party, that party's written consent or leave of the court is required for later amendments. *See* Robert Banks, Jr., et al., Tennessee Civil Procedure, § 5-7(d) (1999). Since the defendant in Boyd II, Prime Focus, had filed an answer, leave of the court was required for Plaintiffs to amend their complaint. The record shows that Plaintiffs improperly filed their amendment on March 10, 2000, before obtaining leave of the court to do so.

*Boyd*, 83 S.W.3d at 767.

On appeal from an order granting a Rule 12 motion, an appellate court must presume that the factual allegations in the complaint are true, and the appellate court must review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Cavnar v. State*, 2003 WL 535915, No. M2002-00609-COA-R3-CV, at * 4, (Tenn.Ct.App. Feb. 26, 2003). Because White's amended complaint was filed after Dr. Coble's responsive pleading and without either leave of court or the consent of CCA or Myers, as required by Rule 15.01 of the Tennessee Rules of Civil Procedure, we find that the trial court did not err in dismissing White's claims against CCA and Myers.

## VI. CMS' Motion to Dismiss

CMS filed a motion to dismiss on October 20, 2003, claiming that White's claims were barred by the statute of limitations. The trial court granted CMS' motion on April 7, 2004, stating in part:

In its motion, the defendant argues that the plaintiff's claim for negligent post-operative care is beyond the applicable statute of limitations. In response, the plaintiff argues that T.R.C.P. 15.03 permits relation back of his amendment to the original complaint and that the claim in the Amended Complaint against CMS does not violate the statute of limitations.

Actions for personal injuries generally must be brought within a year from the date of injury. Tenn. Code Ann. § 28-3-104 (a) (1). The statute of limitations does not accrue, however, until damages are discovered (or should be discovered through the exercise of reasonable diligence). See Shadrick v.Coker, 963 S.W.2d 726, 733 (Tenn.1998). Taking all inferences in a light favorable to the plaintiff, the plaintiff knew of the alleged injury and malpractice by March, 2002; as noted above, the x-ray that revealed the first surgery's failure was done on March 8, 2002, and the plaintiff articulated his claims for negligent post-operative care in his March 27, 2002 grievance.

The plaintiff did not file suit against CMS until June 26, 2003. The defendant therefore correctly asserts that the plaintiff's claim against CMS is beyond the applicable statute of limitation. Furthermore, plaintiff's argument that T.R.C.P. 15.03 applies is without merit. There is no relation back when a new defendant, like CMS, is added after the limitations period has run. Rainey Bros. Constr. Co. v. Memphis and Shelby County Board of Adjustment, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991).

The claim against CMS is dismissed.

The record clearly reflects that White had knowledge of his alleged injuries on March 27, 2002, when he filed a grievance with the SCCF, however, he failed to assert his claim against CMS until June 26, 2003, approximately three months outside the statute of limitations. However, White asserts that his amended complaint relates back to the date he filed his original complaint. The court in *Rainey Bros. Constr. Co. v. Memphis and Shelby County Bd. of Adjustment*, 821 S.W.2d 938, 941 (Tenn.Ct.App.1991), explained Rule 15.03 of the Tennessee Rules of Civil Procedure pertaining to relation back, stating:

The amendment of complaints is governed by Rule 15 of the Tennessee Rules of Civil Procedure. Rule 15.03 states:

**Rule 15.03 Relation Back of Amendments**

Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the

merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

Rule 15.03 sets forth two requirements which must be met in order for an amendment to change the parties against whom the claim is asserted. First, the new parties must have received such notice of the action that they will not be prejudiced in maintaining their defense. See *Goss v. Hutchins,* 751 S.W.2d 821, 824 (Tenn.1988); *Lease v. Tipton* 722 S.W.2d 379, 380 (Tenn.1986) ... However, Rule 15.03 requires more than merely that a potential new defendant be aware of the existence of the action prior to being made a party. The second requirement is that each potential new party must have known that but for a misnomer or mistake concerning his or her identity, the action would have been brought against him or her. *Lease v. Tipton, supra.* Furthermore, it has been held that the plaintiff has the burden of showing that the failure to name the new defendants in the original complaint resulted from a mistake concerning the identity of the proper parties. *Smith v. Southeastern Properties,* 776 S.W.2d 106 (Tenn.App.1989). A mistake within the meaning of Rule 15.03 does not exist simply because the party who may be liable for conduct alleged in the original complaint was omitted as a party defendant. *Id.* at 109.

*Rainey Bros. Constr. Co.*, 821 S.W.2d at 941.

White failed to present any evidence indicating that the failure to name CMS in his original complaint resulted from a mistake concerning the identity of the proper parties, therefore, relation back does not apply in this case and the trial court properly found that White was time-barred from asserting his claim against CMS.

VII. The TDOC, Commissioner White and Ramakrishaiah's Motion for Summary Judgment

Defendants the TDOC, Commissioner White, and Ramakrishaiah filed a motion for summary judgment on March 29, 2004, claiming that the State and its officers were immune from White's action pursuant to Tennessee Code Annotated sections 9-8-307 and 20-13-102. The trial court granted Defendants' motion on May 18, 2004, stating in part:

In their motion, the defendants first note that Defendant Ramakrishaiah, who holds a medical license in his native India, is employed as a physician's assistant with Defendant TDOC. The defendants assert that the plaintiff's negligence claims should be dismissed because the State's officers and employees are immune from such negligence actions pursuant to Tenn. Code Ann. § 9-8-307. In response, the plaintiff

-10-

restates many of his factual allegations and merely reasserts that he did not receive the proper follow-up care after his first surgery, citing the medical records from his second, corrective surgery attached to his memorandum.

The Court first notes that the plaintiff did not respond to the defendants' statement of undisputed facts as required by Tenn. R. Civ. Pro. 56.03. There is therefore no question that Defendant Ramakrishaiah was a physician's assistant employed by the State of Tennessee during the relevant time period. The defendants correctly assert that they are immune from suit in this Court regarding the plaintiff's claims of negligently failing to follow certain post-surgery medical instructions and of liability for the plaintiff's slip and fall. Tenn. Code Ann. § 20-13-102(a) states, in relevant part:

> No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by the authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

Moreover, the General Assembly explicitly has granted the Tennessee Claims Commission exclusive jurisdiction to hear claims of this ilk against state employees. See Tenn. Code Ann. § 9-8-307.

The defendants' motion for summary judgment is granted, and the claims against Defendants Bijuara Ramakrishaiah, Tennessee Department of Correction, and TDOC Commissioner Quenton White are dismissed.

Under the plain language of Tennessee Code Annotated sections 9-8-307(a) and (h), the Tennessee Claims Commission has exclusive jurisdiction over any claim of negligence against the State based on the act or omission of a State officer or employee, therefore the trial court did not err in granting summary judgment as to White's negligence claim against Defendant Ramakrishaiah because it is undisputed that he was at all times relevant to this matter, an employee of the TDOC. Furthermore, Tennessee Code Annotated section 20-13-102 clearly establishes that the TDOC, as an agency of the State, and Commissioner White, as an officer of the State, are immune from suit in State court and thus, the trial court did not err in granting their motion for summary judgment.

VIII. Deliberate Indifference Claim

White filed a "Supplement to Complaint" on June 10, 2004, alleging for the first time that Defendants' conduct constituted deliberate indifference. The court briefly addressed the "supplement" in its July 6, 2004, order where the court stated, "Plaintiff also filed a 'supplement' to his Complaint ... [T]here is no such pleading as a 'Supplement to Complaint.' In any event, the supplement cannot be accepted as a proper amendment. See Tenn. R. Civ. P. 15.01."

The record shows that White failed to file a motion to amend his complaint, obtain leave of court, or receive consent of the parties in order to amend his complaint a third time. We therefore find that White failed to comply with Rule 15.01 of the Tennessee Rules of Civil Procedure and the trial court properly denied acceptance of his "supplement" as a proper amendment.

## IX. The Denial of White's Motion to Stay Proceedings and Motion to Reconsider

The trial court entered an order on January 28, 2004, which stated in part:

> Given the fact that the plaintiff is an inmate in the custody of the Tennessee Department of Correction, all docketed motions with responses shall be determined by the Court **without** oral argument. Obviously, any docketed motion for which no response is filed shall be automatically granted. See Local Rule § 26.04(c).

White contends that Defendants failed to respond to his Motion to Reconsider the Dismissal of Defendants the TDOC, Commissioner White, and Ramakrishaiah filed on June 10, 2004, and his Motion to Stay Proceedings filed on July 6, 2004. White asserts that based upon the trial court's January 28, 2004, order, the court erred in denying these motions.

The Court believes that although the trial court cited Local Rule § 26.04(c), the court was actually referring to Davidson County Local Rule § 26.04(d), which states:

> d. If the motion is opposed, a written response to the motion must be filed and personally served on all parties. The response shall state with particularity the grounds for opposition to the motion, supported by legal authority, if applicable. If no response is filed, the motion shall be granted with the exception of certain proceedings in Probate. (See Rule 39).

Tenn. R. Davidson Prac. Rule § 26.04(d).

Rule 60.02(5) of the Tennessee Rules of Civil Procedure is intended to provide relief in only the most unique, exceptional, or extraordinary circumstances. *NCNB Nat'l Bank of N.C. v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn.Ct.App.1993). Although Defendants the TDOC, Commissioner White, and Ramakrishaiah failed to respond to White's Rule 60 motion, in violation of the court's January 25, 2004, order, Defendants failure alone is insufficient to warrant such extraordinary relief.

-12-

With respect to White's motion to stay Dr. Coble's motion for summary judgment, White failed to support his motion with an affidavit as required by Rule 56.07 of the Tennessee Rules of Civil Procedure. Any failure on behalf of Dr. Coble to respond to White's motion cannot cure the motion's legal inadequacies. We therefore find that the trial court properly denied White's motions.

## X. White's Rule 60 Motions

White filed a Motion for Relief from Order on March 18, 2004, and an Amended Motion for Relief from Order on April 2, 2004, regarding the trial court's dismissal of Defendants CCA and Myers. White relied on Rules 60.01 and 60.02 in his motions, claiming that a clerical error resulted in his motion to amend his complaint never being docketed and that his original complaint stated a slip-and-fall action against CCA and Myers. The court denied White's motions on May 7, 2004, stating:

> The plaintiff moves the Court to reconsider its order granting dismissal of these defendants on two grounds. First, he asserts that his motion to amend would have been properly docketed but for a "clerical error." Second, he argues that he, in fact, did state a slip-and-fall claim against these defendants in his first complaint and that, presumably, the amendment should be allowed to relate back.
>
> The Court declines the invitation to reconsider. The Court has previously considered these issues, and the motion to reconsider is denied.

White filed another Rule 60 Motion for Relief from Order on April 23, 2004, regarding the trial court's dismissal of CMS. White claimed that the court applied the incorrect legal standard and that CMS was named in his original complaint. The court entered an order on June 1, 2004, denying White's motion, stating:

> Before the Court is the plaintiff's "Motion for Relief from Order" regarding the Court's dismissal of defendants Correctional Medical Services, Inc. ("CMS"). The motion was filed on April 23, 2004. The defendants filed a response.
>
> The plaintiff asserts that CMS was one of the "unnamed defendants" in his original complaint. However, he did not specifically name CMS as a defendant until his amended complaint (filed over seven months after the original), and summons was not returned until another month after the amended complaint was filed.
>
> The motion is denied.

White filed a third Motion for Relief from Order on June 10, 2004, regarding the dismissal of Defendants the TDOC, Commissioner White, and Ramakrishaiah. White claimed that the court applied the incorrect legal standard and that his claims against Defendants were based not on

negligence but on deliberate indifference as set forth in his "Supplement to Complaint," filed the same day as his third Motion for Relief from Order. The court denied White's motion on July 6, 2004, stating:

> Before the Court is plaintiff's motion to reconsider the dismissal of defendants Bijuara Ramakrishaiah, Tennessee Department of Correction ("TDOC"), and TDOC Commissioner Quenton White. Plaintiff filed a supporting memorandum. There were no responses to the motion. Plaintiff also filed a "supplement" to his Complaint. The motion was set on the June 25, 2004 docket.
>
> The Court declines the invitation to reconsider. The Court has previously considered the issues regarding these defendants. Further, there is no such pleading as a "Supplement to Complaint." In any event, the supplement cannot be accepted as a proper amendment. See Tenn. R. Civ. P. 15.01.
>
> The motion to reconsider is denied.

On appeal of a denial of a motion for relief under Rule 60 of the Tennessee Rules of Civil Procedure, the appellate court may reverse the denial of the motion for relief only if the denial amounts to an abuse of discretion. *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn.1991). Rule 60 is not a mechanism for use by a party who is merely dissatisfied with the result of a particular case. *Toney*, 810 S.W.2d at 146. It is meant to be used only in those few cases that meet one of more of the criteria stated in the rule. *Toney*, 810 S.W.2d at 146. The burden of proof is on the one seeking relief from a judgment under Tennessee Rule of Civil Procedure 60.02 to show the facts giving rise to the relief. *Holt v. Holt*, 751 S.W.2d 426, 428 (Tenn.Ct.App.1988).

White failed to set forth any of the criteria established in the Rule 60 to support his motions. Nothing in the record reflects an abuse of discretion therefore we find that the trial court did not err in denying White's Rule 60 motions.

The decision of the trial is affirmed in all respects. The costs of appeal are assessed against Appellant.

_____

WILLIAM B. CAIN, JUDGE