Judy LEASE, Plaintiff-Appellant,

v.

William E. TIPTON, Charles Tipton
and Darrell Lease,
Defendants-Appellees.

Supreme Court of Tennessee,
at Knoxville.

Dec. 22, 1986.

## OPINION AND ORDER

PER CURIAM.

Plaintiff has filed a petition to rehear following our denial of her Rule 11 application and we deem it appropriate for the benefit of the bench and bar to file an opinion to clarify whether *Davis v. Davis,* 657 S.W.2d 753 (Tenn.1983) is to be given retroactive or prospective effect. We are of the opinion that consistency requires and fairness dictates that we adopt the pipeline approach which we applied in establishing a new principle of law with respect to interspousal suits for intentional torts in *Luna v. Clayton,* 655 S.W.2d 893 (Tenn.1983). The pipeline approach results in the application of the new principle of law to the litigants at bar, to all actions pending on the date the decision announcing the change becomes final and to all causes of action arising thereafter.

Plaintiff was a passenger in an automobile being driven by her husband when it

collided with a vehicle owned by William Tipton and operated by his son Charles. Her suit against William and Charles Tipton was pending when this Court's decision was announced on October 3, 1983. Thereafter plaintiff amended her complaint by adding her husband as an additional defendant and alleging a cause of action against him for negligence. Although the statute of limitations had not run, her cause of action arose before October 3, 1983, and plaintiff could not rely on *Davis*, under the pipeline approach, unless she had a suit pending against her husband on October 3, 1983.

In her petition to rehear plaintiff asserts that her suit against her spouse was pending on October 3, 1983 because under T.R. C.P. 15.03 her amendment related back to the date she filed suit against the Tiptons.

■ An amendment adding a new party does not relate back to the date of the original complaint unless two requirements are satisfied. First, it must be shown that the new party has received such notice of the institution of the action that there exists no prejudice in defending on the merits; and second, that the new party "knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him." T.R.C.P. 15.03.

■ It is clear that the circumstances here do not satisfy the second prerequisite necessary to relate plaintiff's amendment back to the original filing date. Plaintiff's failure to sue her husband when she sued the Tiptons was not because of a misnomer or a mistake involving the identity of the proper party but because the law did not allow one spouse to sue the other for tort until October 3, 1983.

The plaintiff's lawsuit against her husband does not come within the letter or the spirit of the pipeline approach.

The petition is denied at plaintiff's cost.