**RAINEY BROS. CONSTRUCTION COMPANY, INC. and Tracy Rainey, Plaintiffs/Appellants,**

v.

**MEMPHIS & SHELBY COUNTY BOARD OF ADJUSTMENT, City of Memphis and City of Memphis Building Department, Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 24, 1991.

Permission to Appeal Denied by Supreme Court Nov. 12, 1991.

William J. Harbison, Nashville, for plaintiffs/appellants.

Monice Moore Hagler, E. Brady Bartusch, Memphis, for defendants/appellees.

HIGHERS, Judge.

This matter is before the Court on an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. This appeal arises from two cases which were filed simultaneously on May 27, 1976, in the Circuit Court at Shelby County, Tennessee. However, the Supreme Court referred to the cases as "now consolidated" in its order granting permission for the interlocutory appeal. The plaintiff, Rainey Brothers Construction Company, Inc. (Rainey Brothers), brings this appeal asserting that the trial court erred in sustaining defendants' motions to dismiss the second amended complaints in both Circuit Court actions and in not allowing the proposed amendments to each complaint pursuant the Rule 15 of the Tennessee Rules of Civil Procedure.

Rainey Brothers owns a 13 acre tract of land in Memphis on which it planned to build a 165 unit apartment complex. On December 22, 1969 the Memphis and Shelby County Board of Adjustment (the Board) approved construction of 165 apartments on the subject property at an elevation level of 274.9 msl. A request was submitted to the Board by Rainey Brothers for an interpretation of a condition on a previous application regarding the fill elevation level of the subject property. Pursuant to that request, on August 27, 1975, the Board ruled that the property need only be filled to an elevation of 270 msl. as recommended by the City of Memphis Engineering Department, rather than the previously required elevation of 274.9 msl. The Board relied upon the written recommendation of the Deputy City Engineer, which states that the 270 msl elevation is consistent with other new construction in the area. Following the Notice of Disposition lowering the fill elevation level of the subject property to 270 msl Rainey Brothers waited approximately 60 days before beginning construction in case an appeal was filed. No appeal was filed within that time and Rainey Brothers began construction in accordance with a fill elevation level of 270 msl. Apparently, there was a group of citizens who objected to the project and their interests were represented in a letter from a local attorney to the City of Memphis Building Department in which objection was taken to the fact that no public hearing was held and no notice was given to anyone of the change in a "substantial condition" in the Notice of Disposition issued regarding the subject property. On April 28, 1976, eight months after the Board's ruling, the Board rescinded its action of August 27, 1975 and reinstated the previously required elevation of 274.9 msl.

Subsequently, on May 25, 1976, Rainey Brothers filed a Petition for Reconsideration asking the Board to reconsider its new disposition. The Board refused to grant the Petition for Reconsideration.

On May 27, 1976, Rainey Brothers simultaneously filed two actions in the Circuit Court. The first action ("Rainey I") is against the Board and the City of Memphis Building Department. That action is captioned "Petition for Certiorari, Supersedeas, Injunction and Other Relief." In that action Rainey Brothers seeks an injunction superseding the action of the Board and preventing the City of Memphis Building Department from enforcing the Board's ruling. The second action ("Rainey II") is brought against the City of Memphis and the City of Memphis Building Department and seeks damages resulting from the Board's ruling.

On November 14, 1988, Rainey Brothers simultaneously filed amended complaints in both actions setting forth the facts in greater detail. At that time the defendants had not yet filed any answer. Rainey Brothers later made a Motion to Amend the Amended Complaints. The trial court entered an order allowing Rainey Brothers to file the second amended complaints and the second amended complaints were both filed on March 8, 1989. Defendants moved to dismiss the second amended complaints and their motions were granted. On August 2, 1989, the trial court dismissed the second amended complaint in both actions stating that the causes should proceed on the original pleadings. The order states that the defendants shall only be those defendants as set forth in the original pleadings filed on May 27, 1976. The court also found that the second amended complaints bring up new causes of action which are barred by the statute of limitations and do not relate back to the original pleadings. It is on this order that Rainey Brothers appeals. Rainey Brothers asserts that the trial court erred in granting defendants' Motion to Dismiss the Second Amended Complaints and in not allowing the proposed amendments.

I.

■ Rainey Brothers attempts to add to the action in several ways through the second amended complaints. First Rainey Brothers made several additions to the named defendants in both suits. In Rainey I Rainey Brothers added each of the members of the Board, individually, as defendants. In Rainey II Rainey Brothers added

the Board and each of its members individually as defendants.

The amendment of complaints is governed by Rule 15 of the Tennessee Rules of Civil Procedure. Rule 15.03 states:

**Rule 15.03 Relation Back of Amendments**

Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

■ Rule 15.03 sets forth two requirements which must be met in order for an amendment to change the parties against whom the claim is asserted. First, the new parties must have received such notice of the action that they will not be prejudiced in maintaining their defense. See *Goss v. Hutchins*, 751 S.W.2d 821, 824 (Tenn.1988); *Lease v. Tipton* 722 S.W.2d 379, 380 (Tenn. 1986). It is reasonable to assume that the members of the Board were aware of both actions brought by Rainey Brothers before they were made parties to the actions pursuant to the second amended complaints. However, Rule 15.03 requires more than merely that a potential new defendant be aware of the existence of the action prior to being made a party. The second requirement is that each potential new party must have known that but for a misnomer

or mistake concerning his or her identity, the action would have been brought against him or her. *Lease v. Tipton, supra.* Furthermore, it has been held that the plaintiff has the burden of showing that the failure to name the new defendants in the original complaint resulted from a mistake concerning the identity of the proper parties. *Smith v. Southeastern Properties*, 776 S.W.2d 106 (Tenn.App. 1989). A mistake within the meaning of Rule 15.03 does not exist simply because the party who may be liable for conduct alleged in the original complaint was omitted as a party defendant. *Id.* at 109. The circumstances of the case before us do not satisfy the second requirement. Rainey Brothers has failed to show that the Board and its individual members knew that but for Rainey Brothers' mistake, they would have been named as parties to the actions to which they were later added by the second amended complaints. Furthermore, Rainey Brothers has failed to show that the failure to name these defendants in the original complaints resulted from a mistake concerning their identity. The defendants must remain those named in the original pleadings.

## II.

■ Rainey Brothers introduces several new claims to the action through the second amended complaints. Particularly noteworthy are the claims of taking, through a violation of the fifth and fourteenth amendments to the United States Constitution and article 1 section 21 of the Tennessee Constitution, violation of 42 U.S.C. § 1983 and inverse condemnation.

As provided in Rule 15, only those claims which relate back to the original pleadings are saved from the effects of the applicable statute of limitations. Tenn.R.Civ.P. 15.03. However, where the amendment in substance raises a new cause of action, the courts have repeatedly held that the amendment does not relate back to the original pleadings and the statute of limitations continues to run until the amendment is filed. *Energy Sav. Prods. Inc. v. Carney*, 737 S.W.2d 783 (Tenn.App.1987).

Thus, the real question is whether the amendments raise a new cause of action.

There are several methods of determining whether an amendment raises a new cause of action or merely relates back to the original pleading. *See Gamble v. Hospital Corp. of America*, 676 S.W.2d 340 (Tenn.App.1984). Tennessee courts have generally followed the statutory standard that the amendment must arise from the same conduct, transaction or occurrence as set forth in the original pleadings. *Karash v. Pigott*, 530 S.W.2d 775 (Tenn.1975). Notice to the defendant is not expressly required by the statutory standard for relation back but the Tennessee Supreme Court has determined that notice is the critical element involved in determining whether amendments to pleadings relate back. *Floyd v. Rentrop*, 675 S.W.2d 165, 168 (Tenn.1984).

Rainey Brothers asserts that the claims of taking, violation of 42 U.S.C. § 1983 and inverse condemnation all relate back to the original pleadings. In order to test the adequacy of notice to the defendants regarding these claims we must look at the general fact situation set forth in the original pleadings. The original complaints ask merely that the actions of the Board be ruled illegal, arbitrary, and capricious; that an injunction be issued superseding the Boards actions; that the Board be enjoined from enforcing the action, and; that Rainey Brothers be given reasonable damages under $35,000. Nothing in the general fact situation set forth in the original complaints put the defendants on notice that they may have to defend any of the forgoing claims of taking, 42 U.S.C. § 1983 or inverse condemnation. Given the fact that the defendants were not on notice from their original pleadings that they may have to defend these claims, the amendments do not relate back to the original pleadings and given the fact that the amendments were filed over 12 years after the original pleadings, the defendants would be unfairly prejudiced if they were made to defend these new causes of action.

Thus, we affirm the trial court finding that the second amended complaints do not relate back to original pleadings as required by Rule 15 and finding that the trial court did not err in sustaining defendants' motions to dismiss the amended complaints. Costs are assessed to Rainey Brothers.

TOMLIN, P.J., W.S., and CRAWFORD, J., concur.