IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 28, 2013

**RODNEY V. JOHNSON v. TRANE U.S. INC., ET AL.**

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000880-09      Gina C. Higgins, Judge**

---

**No. W2011-01236-COA-R3-CV - Filed August 19, 2013**

---

Plaintiff sued his former co-worker, and months later, he filed an amended complaint naming his former employer and several other employees as additional defendants. The trial court granted a motion to dismiss the claims asserted against the new defendants, finding them barred by the applicable statutes of limitations. Plaintiff appeals, arguing that the claims should have been deemed timely pursuant to Tennessee Rule of Civil Procedure 15.03 and/or Tennessee Code Annotated section 20-1-119. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Darrell J. O'Neal, Jonathan R. Feild, Memphis, Tennessee, for the appellant, Rodney V. Johnson

O. John Norris, III, Pamela R. Irons, Memphis, Tennessee, for the appellees, Trane U.S. Inc., et al

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

Rodney Johnson ("Plaintiff") was employed by Trane U.S., Inc. ("Trane") from October of 2007 until March of 2008, when he was terminated after an altercation with a co-worker.  On February 23, 2009, Plaintiff filed a *pro se* complaint against the co-worker, Michael Winfrey, in circuit court.  The complaint was entitled, "Complaint against Defendant for Attempted Assault on Plaintiff and Aiding in the Termination of Employment." Plaintiff's complaint detailed the circumstances surrounding the alleged assault and noted that both Plaintiff and Mr. Winfrey had been terminated following their employer's investigation of the incident.  Plaintiff sought $50,000 in compensatory and punitive damages from Mr. Winfrey due to his "attempted assault that ultimately assisted in the termination of employment" of Plaintiff.  Mr. Winfrey was the only named defendant.

Mr. Winfrey filed an answer and a motion to dismiss.  He asserted that Plaintiff's complaint failed to state a claim for relief under any legal theory.  He also argued that, to the extent that Plaintiff's complaint alleged that Mr. Winfrey was "aiding" their employer in terminating Plaintiff, the employer would be an indispensable party to such a cause of action. Thus, Mr. Winfrey argued that Plaintiff's complaint should be dismissed for failure to state a claim and for failure to join an indispensable party.

On April 23, 2009, Plaintiff filed a "Motion" responding to the arguments in Mr. Winfrey's motion to dismiss and seeking leave to amend his complaint to add additional defendants, including his former employer, Trane.  On July 17, 2009, the trial court entered an order granting Plaintiff leave to file an amended complaint.

On August 6, 2009, Plaintiff filed an amended complaint entitled, "Intentional Infliction of Emotional Distress."  Plaintiff's amended complaint named as defendants: his former co-worker and original defendant Michael Winfrey; his former employer Trane;[1] and several other Trane employees who were either managers, supervisors, or human resource personnel.  Although the allegations of the amended complaint were somewhat unclear, Plaintiff specifically mentioned intentional infliction of emotional distress and liability "under the Doctrine of Respondeat Superior for Negligence."  Plaintiff alleged that Trane acted intentionally and recklessly by allowing Michael Winfrey to threaten and harass Plaintiff during his employment at Trane.  Plaintiff also alleged that Trane "falsely accused" Plaintiff of various work infractions during his employment, which lasted from October 15, 2007 until March 11, 2008.  Plaintiff claimed that Trane's employees had acted with malice

---

[1]  The amended complaint referred to Trane as Ingersol Rand/Trane Company et al.

and intent to cause him severe emotional distress. Plaintiff sought $1 million in compensatory damages for past, present, and future medical expenses, pain and suffering, lost income, impairment of earning capacity, disablement, loss of enjoyment of life, fees and costs, and other general relief, in addition to punitive damages in the amount of $85,000.

Trane filed a motion to dismiss the amended complaint, on the basis that the claims asserted against Trane and its employees were barred by the applicable statutes of limitations. Trane asserted that Plaintiff's claims were subject to one-year statutes of limitations, whether the claims were characterized as for intentional infliction of emotional distress, assault, negligence, or respondeat superior, because personal injury claims are subject to a one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1).[2] Plaintiff's employment at Trane had ended in March 2008, and the amended complaint naming Trane as a defendant was not filed until August 6, 2009. As such, Trane argued that Plaintiff's claims based upon events that occurred during his employment and leading up to his termination were time-barred. Trane also argued that Plaintiff's claims failed to meet the requirements of Tennessee Rule of Civil Procedure 15.03 for the relation back of amendments.

On December 18, 2009, the trial court entered an order granting Trane's motion to dismiss as to all defendants except the original defendant Michael Winfrey. The trial court concluded that the claims against Trane and its employees were barred by the applicable statutes of limitations and it dismissed the amended complaint with prejudice on that basis. The order was not certified as final pursuant to Tennessee Rule of Civil Procedure 54.02, and the claims against Michael Winfrey remained pending.

One year later, on December 10, 2010, Plaintiff filed a motion to vacate and set aside the December 2009 order dismissing all defendants except Michael Winfrey. Plaintiff alleged that relief was appropriate pursuant to Tennessee Rule of Civil Procedure 60.02 because Trane and/or its attorneys had "committed Fraud upon the Court" prior to the entry of the order of dismissal. Plaintiff alleged that Trane concealed "that a wrong had occurred" and that Trane knew that it had violated Plaintiff's rights "in regards to the relation back doctrine." Among other things, Plaintiff's motion referenced Tennessee Code Annotated section 20-1-119.[3]

---

[2] Trane argued that even if Plaintiff's claims were construed as being pursuant to the Tennessee Human Rights Act, they would still be barred by the Act's one-year statute of limitations.

[3] Plaintiff mentioned the statute only by number. Specifically, his motion stated, "Tennessee Rule of Civil Procedure 15.01 provides and states that amendments adding defendants pursuant to Tenn. Code Ann. § 20-1-119, however, written consent of the adverse party or leave of court is not required [sic]." He did not explain how the statute was applicable to these proceedings.

On May 3, 2011, the trial court entered an order denying Plaintiff's motion to set aside or vacate its previous order. The trial court reiterated its previous finding that the claims asserted in Plaintiff's amended complaint were barred by the applicable statutes of limitations, and the court found that Plaintiff had not demonstrated any basis for relief pursuant to Rule 60.

Plaintiff filed a notice of appeal on May 13, 2011. The appellate record was filed with this Court on March 1, 2012. That same day, this Court entered an order explaining that the order appealed was not a final judgment because the claims against defendant Michael Winfrey remained pending. Thus, we directed the appellant to either obtain the entry of a final appealable judgment or to show cause within fifteen days why the appeal should not be dismissed. After granting several extensions of time to obtain a final judgment and to file the supplemental record, this Court finally received a supplemental record containing a final judgment on September 20, 2012. Thereafter, both parties were granted extensions of time to file their briefs. The matter was finally submitted for decision on briefs on June 28, 2013.

## II. ISSUES PRESENTED

Plaintiff presents the following issues, as we perceive them, on appeal:[4]

1. Whether the trial court erred in granting Trane's motion to dismiss based upon the statutes of limitations, either:

   (a) because the amended complaint related back to the date of the original complaint pursuant to Tennessee Rule of Civil Procedure 15.03; or
   (b) because his claims were not time-barred due to the operation of Tennessee Code Annotated section 20-1-119.

For the following reasons, we affirm the decision of the circuit court dismissing the claims set forth in the amended complaint against Trane and its employees.

---

[4] Plaintiff initially filed a *pro se* brief on appeal, but he later retained counsel and sought permission to file a supplemental brief in order "to identify all the issues." Plaintiff acknowledged in his motion that his initial brief failed to cite to the record and to relevant authority, which would result in waiver of the issues. Therefore, the issues presented on appeal are those identified in Plaintiff's supplemental brief filed by counsel.

### III. STANDARD OF REVIEW

The issues presented are questions of law raised by a motion to dismiss based on the statute of limitations. As such, our scope of review is de novo with no presumption of correctness. *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996) (citing Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

### IV. DISCUSSION

When defendants establish their entitlement to a statute of limitations defense, the burden of proof shifts to the plaintiff to establish that the case falls within the parameters of an exception, such as Rule 15.03 of the Tennessee Rules of Civil Procedure, *Deal v. Hastings*, No. W2003-00912-COA-R3-CV, 2003 WL 23100341, at *1 (Tenn. Ct. App. Dec. 22, 2003), or Tennessee Code Annotated section 20-1-119.[5] *Shaffer v. Memphis Airport Authority, Service Management Systems, Inc.*, No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *5 (Tenn. Ct. App. Jan. 18, 2013).

#### A. Tennessee Rule of Civil Procedure 15.03

First, we will consider Plaintiff's contention that his amended complaint should have related back to the date of the original complaint pursuant to Tennessee Rule of Civil Procedure 15.03. To recap, Plaintiff filed his original complaint against Michael Winfrey, alleging attempted assault and "aiding in the termination of employment," on February 23, 2009. He filed his amended complaint entitled "Intentional Infliction of Emotional Distress" on August 6, 2009, naming Trane and its employees as additional defendants.

Rule 15.03 is entitled "Relation Back of Amendments," and it provides:

Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought

---

[5] The arguments in Plaintiff's final brief were limited to the applicability of Rule 15.03 and Tennessee Code Annotated section 20-1-119. He did not argue that his claims were not subject to the one-year statute of limitations.

in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiff argues on appeal that Trane's liability "arose out of the same conduct" that was alleged in the original complaint, i.e., the assault by co-worker Michael Winfrey. Therefore, Plaintiff claims that the amended complaint should relate back to the date of the original complaint against Michael Winfrey. In response, Trane argues that the amendment should not relate back to the date of the original complaint, for several reasons. First, Trane argues that the claims against it did not all arise out of the same occurrence because Plaintiff has alleged that harassment occurred throughout his employment, aside from the allegations pertaining to the March 7, 2008 assault. Next, Trane argues that even assuming *arguendo* that the claims did arise out of the same conduct or occurrence, that fact alone does not result in an amendment relating back to the date of the original complaint when the amendment names a new party. As explained by our Supreme Court in **Sallee v. Barrett**, 171 S.W.3d 822, 829-831 (Tenn. 2005), an additional test must be satisfied when the amendment adds a new party:

> . . . Rule 15.03 presents a two-pronged test which must be met in order for an amendment to change the party against whom the claim is asserted. First, the new party must have received sufficient notice of the action within the specified time-frame so that it will not be prejudiced in maintaining its defense. See *Doyle* [*v. Frost*, 49 S.W.3d 853, 856-57 (Tenn. 2001)]; *Smith v. Southeastern Props. Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989). . . .
>
> However, Rule 15.03 requires more than simply showing that the potential new defendant had been made sufficiently aware of the commencement of the action. "The second requirement is that each potential new party must have known that but for a misnomer or mistake concerning his or her identity, the action would have been brought against him or her." *Rainey Bros. Constr. Co. v. Memphis & Shelby County Bd. of Adjustment*, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991) (citing *Lease v. Tipton*, 722 S.W.2d 379, 380 (Tenn. 1986)). "A 'mistake' within the meaning of this rule does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant." *Smith*, 776 S.W.2d at 109; see also *Lease*, 722 S.W.2d at 380 (holding that plaintiff's motion to amend her complaint to add her husband as a defendant did not relate back because her failure to sue her husband was not due to misnomer or mistake involving the identity of the proper party, but because the law at the time of the complaint did not allow one spouse to sue another in tort).

It is the plaintiff that has the burden of showing that the failure to name the new defendant in the original complaint resulted from a mistake concerning the identity of the proper party. *Rainey Bros. Constr. Co.*, 821 S.W.2d at 941 (citing *Smith*, 776 S.W.2d 106).

Here, there is nothing in the record to suggest that Trane received notice of the original complaint within the specified time frame, and there is certainly nothing to indicate that Trane would have known from the original complaint "that but for a misnomer or mistake concerning [its] identity, the action would have been brought against [it]." *See id.* at 830. As noted above, a mistake within the meaning of the Rule does not exist simply because Trane was omitted as a defendant. *Id.* Because Plaintiff has failed to show that the failure to name Trane in the original complaint resulted from a mistake concerning its identity, the amended complaint did not relate back to the date of the original complaint pursuant to Rule 15.03.

### B.     Tennessee Code Annotated section 20-1-119

Now we will consider Plaintiff's argument regarding Tennessee Code Annotated section 20-1-119, which provides, in relevant part:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
(2) Institute a separate action against that person by filing a summons and complaint. . . .

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. . . .

Plaintiff argues on appeal that the trial court failed to consider the applicability of Tennessee Code Annotated section 20-1-119. He acknowledges in his brief that "Defendant Winfrey

did not allege comparative fault against Appellee Trane U.S., Inc. in his answer." However, Plaintiff argues that section 20-1-119 should have been applicable because Michael Winfrey argued, in a motion to dismiss, that Trane was an indispensable party.[6] Plaintiff claims that "[a]n indispensable party is analogous to a comparative fault tortfeasor," and that a motion to dismiss is analogous to an answer, and therefore, he should have been afforded ninety days to amend his complaint pursuant to section 20-1-119. We find no merit in this argument. Our role is to interpret the statute as written. We cannot re-write or expand it to apply to circumstances that may be deemed "analogous" to the limited situation addressed by the statute.

This Court has rejected similar arguments premised on this same statute. In ***Grindstaff v. Bowman***, No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *3 (Tenn. Ct. App. May 29, 2008), the plaintiffs argued that they should have been permitted to add a new defendant pursuant to section 20-1-119 after the potential defendant was identified in a letter from the original defendant's attorney. The Court acknowledged that section 20-1-119 "applies even where the party defendant does not allege the fault of the nonparty explicitly or use the words 'comparative fault,' so long as the defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." ***Id.*** (citing *Austin v. State*, 222 S.W.3d 354, 358 (Tenn. 2007)) (internal quotation omitted). However, the Court rejected the plaintiff's argument that identifying the potential defendant in a letter was sufficient to trigger section 20-1-119:

> The plaintiffs acknowledge, as they must, that "Defendant Bowman did not identify [new] Defendant Hardee's as a responsible non-party in his Answer to the Plaintiffs' original Complaint," but rather identified Hardee's in a separate letter to the plaintiffs' attorney "at or around the time he filed his Answer." However, the plaintiffs argue that this should be enough to satisfy the requirements of § 20-1-119. To hold otherwise, they contend, "would construe the statute too narrowly and would create an inequitable result." We disagree. Although § 20-1-119 has been interpreted broadly by the Supreme Court, the plaintiffs' suggested construction is a clear deviation from the meaning of the statute's plain language. We cannot endorse such a reading. "If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words." *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000). By its own terms, § 20-1-119

---

[6] To the extent that Plaintiff suggests in his brief that the trial court dismissed his claims due to his failure to join an indispensable party, we find his argument misplaced. A review of the trial court's order clearly indicates that the claims were dismissed based on the statutes of limitations.

applies only where "a defendant ... alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery." (Emphasis added.) This language is clear and unambiguous. A letter from Bowman's attorney to the plaintiffs' attorney, which was not made a part of Bowman's formal answer and only became part of the record when the plaintiffs offered it as an exhibit in opposition to summary judgment, simply is not the same thing as an "answer." If the legislature wishes to expand the scope of § 20-1-119 to include, generally, off-the-record letters or, more specifically, correspondence sent "at or around the time" of the filing of an answer or amended answer, it is, of course, at liberty to do so, but in the meantime we are bound by the current language of the statute. Defendant Bowman's answer to the original complaint makes no reference to Hardee's, and therefore it does not satisfy the requirements of § 20-1-119, as it neither "[gave the] plaintiff[s] notice of the identity of a potential nonparty tortfeasor [nor] allege[d] facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Austin*, 222 S.W.3d at 358.

*Id.* at *4. The Court explained that section 20-1-119 "does not save untimely claims simply because a plaintiff learns, from some source or another, that there may be another potential defendant to the suit." *Id.* Therefore, it found section 20-1-119 inapplicable to the circumstances before it.

In another case, ***Shaffer v. Memphis Airport Authority, Service Management Systems, Inc.***, No. W2012–00237–COA–R9–CV, 2013 WL 209309, at *7 (Tenn. Ct. App. Jan. 18, 2013), we concluded that section 20-1-119 was not triggered by the identification of a potential defendant in a discovery response. We explained:

By its terms, Section 20–1–119 provides a kind of safe harbor to a plaintiff, a window of opportunity to amend the complaint to add a defendant after the statute of limitations has run. As noted in *Grindstaff*, however, this window is opened only under the limited circumstances specified in the statute, namely, where "a defendant named in an original complaint ... filed within the applicable statute of limitations ... alleges in an answer or amended answer ... that a person not a party to the suit caused or contributed to the injury ... for which the plaintiff seeks recovery...." Tenn. Code Ann. § 20–1–119(a) (emphasis added). Similar to the Court's observation in *Grindstaff*, we note that a discovery response "simply is not the same thing as an 'answer'." *Grindstaff*, 2008 WL 2219274, at *4, 2008 Tenn. App. LEXIS 323, at *11. Consequently, we must conclude that Section 20–1–119 is not applicable

under the facts of this case . . . .
*Id.* at *8.

Considering our prior holdings in **Grindstaff** and **Shaffer**, we find that Tennessee Code Annotated section 20-1-119 was not triggered by the motion to dismiss characterizing Trane as an indispensable party. Therefore, Plaintiff is not entitled to relief based on this issue.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to the appellant, Rodney V. Johnson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.