IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2025

## BRANDON COLEMAN ET AL. v. CBL & ASSOCIATES, INC. ET AL.

**Appeal from the Circuit Court for Madison County**
**No. C-24-18      Joseph T. Howell, Judge**
_____

**No. W2025-01080-COA-R9-CV**
_____

This interlocutory appeal concerns the relation back doctrine under Tennessee Rule of Civil Procedure 15.03. The plaintiffs sued a corporate entity for premises liability. The corporate defendant successfully moved for summary judgment on grounds that it did not own the subject property. The plaintiffs then filed a motion to alter or amend in which they sought leave to amend their complaint to name a separate corporate entity as a defendant. The trial court granted the plaintiffs' motion, finding that the initial mistake was a misnomer and that the plaintiffs were not seeking to add a new party even though the defendant to be added was a distinct corporate entity. The defendants sought permission to file an interlocutory appeal, which the trial court granted. The record contains no evidence that the separate corporate entity named by the plaintiffs in their amended pleading received timely notice of the plaintiffs' lawsuit. We therefore reverse the judgment of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Scott M. Shaw and S. Bray Wilson, Chattanooga, Tennessee, for the appellants, CBL & Associates Properties, Inc. and CBL & Associates, Inc.

Andrew H. Williamson and Larry J. Peters, Memphis, Tennessee, for the appellees, Brandon Coleman and Jaden Lee.

# OPINION

## BACKGROUND

On January 30, 2024, Brandon Coleman and Jaden Lee (together, "Plaintiffs") filed a lawsuit in the Circuit Court for Madison County ("the trial court") alleging negligence and premises liability against CBL & Associates, Inc. ("CBL Associates"). According to the complaint, on July 2, 2023, Mr. Coleman was driving his car with Mr. Lee as a passenger when the two were injured in a car accident at CBL Associates' mall in Jackson, Tennessee. Plaintiffs alleged that CBL Associates failed to keep its premises in a safe condition, which caused their vehicle to fall into a sinkhole on the property. Plaintiffs identified CBL Associates as a for-profit domestic corporation incorporated and/or organized under the laws of Tennessee and doing business in Tennessee. CBL Associates' registered agent for service of process was Nashville-based Corporation Service Company. On March 18, 2024, CBL Associates filed an answer denying that Plaintiffs' claims were appropriately asserted against it.

On April 22, 2024, Plaintiffs filed notice reflecting service of interrogatories and a request for production of documents on CBL Associates. On July 3, 2024, Plaintiffs filed notice of serving their responses to interrogatories and request for production of documents propounded by CBL Associates. Also on July 3, 2024, the trial court entered an agreed order permitting counsel for CBL Associates to inspect Plaintiffs' medical records. On July 10, 2024, Michael Lebovitz ("Lebovitz"), Vice President and Treasurer of CBL Associates, verified CBL Associates' interrogatory responses.

On July 17, 2024, CBL Associates filed a motion for summary judgment. In its statement of undisputed material facts, CBL Associates asserted that it did not own or occupy the mall in question, Old Hickory Mall, nor did it provide any services there. In support of its assertions, CBL Associates filed an affidavit of Lebovitz. According to the affidavit, the record owner of Old Hickory Mall was "Old Hickory Mall Venture II, LLC." In the memorandum of law filed in support of the motion for summary judgment, CBL Associates argued that it owed no duty of care to Plaintiffs as it did not own or maintain the subject property.

On August 19, 2024, Plaintiffs filed a statement of disputed issues of material facts in response to CBL Associates' statement of undisputed material facts. Plaintiffs disputed CBL Associates' assertion that it did not own Old Hickory Mall. Plaintiffs stated that Venture II was an alter ego of CBL Associates. Plaintiffs attached documents purporting to support their position, including pages that appear to be from a website featuring "CBL" in the top right corner; pages containing information about Old Hickory Mall with "CBL" in the bottom right corner; a business entity detail for CBL Associates from the Tennessee Secretary of State; a business entity detail for Old Hickory Mall Venture II, LLC from the Tennessee Secretary of State; and an excerpt from the Securities and Exchange

Commission website regarding CBL Associates. The trial court was scheduled to hear CBL Associates' motion for summary judgment on August 26, 2024.

On the morning of the hearing, CBL Associates filed a reply to Plaintiffs' response in opposition to summary judgment. In its reply, CBL Associates noted for the first time the existence of a similarly named Delaware-based corporate entity, CBL & Associates Properties, Inc. ("CBL Properties"). CBL Associates stated that Plaintiffs' first exhibit reflected a website belonging to CBL Properties rather than CBL Associates. CBL Associates also stated that although Old Hickory Mall's purported web pages included "CBL," the pages contained a copyright reference to *CBL Properties* rather than to *CBL Associates*. Notwithstanding this development, the hearing proceeded as scheduled. At the hearing's conclusion, the trial court granted summary judgment to CBL Associates and dismissed Plaintiffs' case with prejudice. In its written order entered on September 9, 2024, the trial court found that CBL Associates affirmatively negated that it owed any duty of care to Plaintiffs.

On September 3, 2024, Plaintiffs filed a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, seeking to set aside summary judgment and to amend their complaint pursuant to Tennessee Rule of Civil Procedure 15.03 to name CBL Properties as a defendant. Attached to Plaintiffs' Rule 59.04 motion was an affidavit of Andrew H. Williamson, co-counsel for Plaintiffs, explaining why Plaintiffs had initially sued the wrong entity:

> 5. Due to the very similar and nearly identical nature and structure of the entities' names and the fact that both entities are related, it was not immediately apparent that CBL & Associates Properties, Inc. was the proper defendant at the time of the filing of this lawsuit.

> 6. The registered agent for CBL & Associates Properties, Inc. and the President of CBL & Associates Properties, Inc., who is also the Vice President and Treasurer of CBL & Associates, Inc., were put on notice of this action within 120 days of the commencement of the action,[1] thus ensuring that the correct party had timely notice, and knew or should have known that the action would have been brought against it but for a mistake or misnomer concerning their identity.

---

[1] Rule 15.03 provides that "[a]n amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if . . ., within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." As such, the date that is 120 days after commencement of the action is relevant here.

10. Based on my review of publicly available information from the official website of CBL & Associates Properties, Inc. (*invest.cblproperties.com*), I have confirmed that Mr. Michael Lebovitz is the President of CBL & Associates Properties, Inc[.], in addition to being the Vice President and Treasurer of CBL & Associates, Inc. *See* CBL & Associates Properties, Inc. website excerpt attached hereto and labeled as **Exhibit 1**. *See also* Affidavit of Michael Lebovitz, filed with the Court with Defendant CBL & Associates, Inc.'s Motion for Summary Judgment.

11. The information referenced in Paragraph 10 was accessed on August 27th, 2024, directly from the said website, which is maintained by the corporation itself, thus providing a reliable and accurate representation of the corporate officers.

12. I have also reviewed the Tennessee Secretary of State website listings for CBL & Associates, Inc., CBL & Associates Properties, Inc., and Old Hickory Mall Venture II, LLC. All these entities are listed with the same principal office address: CBL Center — 2030 Hamilton Pl. Blvd., Ste. 500, Chattanooga, TN. 37421 and have the same registered agent, Corporation Service Company — 2908 Poston Ave., Nashville, TN. 37203, which further supports the close relationship and interconnectedness of these entities. *See* CBL & Associates, Inc.'s, CBL & Associates Properties, Inc.'s, and Old Hickory Mall Venture II, LLC.'s Tennessee Secretary of State website listings attached hereto and labeled as **Exhibits 2, 3 and 4,** respectively.

13. The shared address between these entities, as indicated by the Secretary of State listings, and the shared leadership and corporate officers between CBL and Associates, Inc. and CBL and Associates Properties, Inc., as indicated by the official website of CBL & Associates Properties, Inc. and the affidavit of Michael Lebovitz, further suggest that the mistake in naming the defendant should not preclude the proper entity, CBL & Associates Properties, Inc., from being held accountable in this action.

On September 25, 2024, Plaintiffs filed an amended motion to alter or amend, seeking leave to file an amended complaint naming CBL Properties as a defendant. Plaintiffs argued that the trial court should grant their motion to prevent a manifest injustice.[2]

---

[2] This Court has explained:

[T]here are four basic grounds upon which a motion to alter or amend may be granted. First, the moving party may demonstrate that it is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted to permit

On October 9, 2024, CBL Associates filed a response in opposition, arguing that Plaintiffs' own action of suing the wrong party did not provide a basis for altering or amending the judgment. CBL Associates noted that the one-year statute of limitations for personal injury under Tennessee Code Annotated section 28-3-104 expired on July 2, 2024. CBL Associates stated further that Rule 15.03 did not permit amendment because Plaintiffs failed to show that CBL Properties received actual notice of the lawsuit within 120 days of the filing date or within the limitations period. CBL Associates also filed the affidavit of Dan Wolfe, general manager of Old Hickory Mall, which states that "[f]or a period of years prior to July 2, 2023, and continuing through today, the sign at the main entrance to the mall conspicuously contained the following: 'OWNED AND MANAGED BY CBL & ASSOCIATES PROPERTIES, INC (NYSE: CBL).'" A photograph of the sign is included in the record.

On December 9, 2024, the trial court heard Plaintiffs' amended motion to alter or amend. On February 5, 2025, the trial court entered an order granting Plaintiffs' motion. The trial court found that "Plaintiffs have established that a misnomer occurred in identifying the Defendant in the original Complaint, and that the proposed amendment merely corrects the Defendant's name without introducing a new party to the cause of action." The trial court vacated its grant of summary judgment to CBL Associates and allowed Plaintiffs to file an amended complaint "correct[ing]" CBL Associates' name to CBL Properties. The order further states that the case was to "proceed on its merits in the interest of fairness and justice."

On February 12, 2025, Plaintiffs filed their amended complaint, this time naming as defendants both CBL Associates and CBL Properties (together, "Defendants"). On February 25, 2025, Defendants filed a motion seeking the trial court's permission to file an interlocutory appeal. Defendants also filed answers to the amended complaint generally denying Plaintiffs' claims and asserting multiple defenses. On July 10, 2025, the trial court entered an order granting Defendants permission to file an interlocutory appeal. On August 25, 2025, this Court entered an order granting Defendants' application for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

## ISSUES

We granted Defendants' application for interlocutory appeal to address the following issue: Whether, under the circumstances of this case, the trial court erred in

---

the moving party to present newly discovered or previously unavailable evidence. Third, the motion may be justified by an intervening change in the controlling law. Fourth, the motion may be granted when necessary to prevent a manifest injustice.

*Lee v. State Volunteer Mut. Ins. Co.*, No. E2002-03127-COA-R3-CV, 2005 WL 123492, at *7 (Tenn. Ct. App. Jan. 21, 2005) (emphasis added).

granting Plaintiffs' motion to alter or amend, effectively allowing Plaintiffs to amend their complaint to name CBL & Associates Property, Inc. as the defendant in this matter.

## STANDARD OF REVIEW

A trial court has broad discretion to allow amendments. *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 84 (Tenn. 2018). Therefore, a trial court's decision on whether to grant a motion to amend pleadings is reviewed for abuse of discretion. *See Bidwell ex rel. Bidwell v. Strait*, 618 S.W.3d 309, 318 (Tenn. 2021). Likewise, we review for abuse of discretion a trial court's decision on whether to grant a motion to alter or amend pursuant to Rule 59.04. *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020). "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id.* (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). "Indeed, when reviewing a discretionary decision by the trial court, the 'appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision.'" *Id.* (quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)). On the other hand, "[i]nterpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). Likewise, the issue of whether the statute of limitations has expired is a question of law. *Cordova v. Martin*, 677 S.W.3d 654, 657 (Tenn. Ct. App. 2023).

## DISCUSSION

Tennessee Rule of Civil Procedure 15.03 and the "relation back" doctrine are at the center of this appeal. Rule 15.03 provides as follows:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the

identity of the proper party, the action would have been brought against the party.

As the relation back doctrine is time-sensitive, it is useful to review the timeline of events in this case. On July 2, 2023, Plaintiffs were allegedly injured in a car accident at Old Hickory Mall. On January 30, 2024, Plaintiffs sued CBL Associates. On May 30, 2024, 120 days elapsed since the commencement of the action. On July 2, 2024, the applicable statute of limitations expired. *See* Tenn. Code Ann. § 28-3-104 (providing a one-year statute of limitation for personal injury actions). On September 3, 2024, after summary judgment was granted to CBL Associates, Plaintiffs filed their first motion to alter or amend judgment seeking leave to name the actual owner of the subject property, CBL Properties, as a defendant. According to Defendants, Plaintiffs cannot benefit from the relation back doctrine because CBL Properties did not receive notice of the lawsuit within 120 days of the commencement of the action or within the limitations period. Defendants ask that we reverse the trial court and reinstate its original grant of summary judgment.

Several Tennessee cases have analyzed the relation back doctrine. The Tennessee Supreme Court has stated succinctly as follows:

> An amended pleading that substitutes a party will be considered filed on the date of the original pleading if the party to be substituted had notice of the suit during the limitations period, or within 120 days of the filing date, and knew or should have known that, but for a mistake about its identity, the original suit would have been brought against it.

*Runions*, 549 S.W.3d at 84.

In addition, both parties contend with *Black v. Khel*, No. W2020-00228-COA-R3-CV, 2020 WL 7786951 (Tenn. Ct. App. Dec. 30, 2020), *perm. app. denied* (Tenn. Apr. 8, 2021), a Tennessee Court of Appeals case involving the relation back doctrine. In *Black*, plaintiff was involved in two separate car accidents on different dates, the first being May 11, 2018. *Id.* at *1. On May 8, 2019, plaintiff filed a lawsuit regarding the first accident but misidentified the defendant. *Id.* On May 15, 2019, plaintiff filed an amended complaint naming the correct party. *Id.* The trial court granted defendant's motion to dismiss, reasoning that Rule 15.03 does not allow a party to amend a complaint and relate it back to the original date of filing merely for mislabeling a party or adding a party previously omitted. The trial court found that plaintiff failed to prove that her error was caused by a mistake regarding defendant's identity as the proper party to be named. *Id.* The trial court denied plaintiff's motion to alter or amend, and plaintiff appealed to this Court. *Id.*

On appeal, this Court discussed the test for determining whether an amendment relates back to the original date of filing:

> In order for a plaintiff to change the party against whom a claim is asserted, which allows relation back to the original date of filing, two requirements must be satisfied. "First, the new party must have received sufficient notice of the action within the specified time-frame so that it will not be prejudiced in maintaining its defense." *Sallee*[ *v. Barrett*], 171 S.W.3d [822,] 830 [(Tenn. 2005)] (citing *Doyle*[ *v. Frost*], 49 S.W.3d [853,] 856-57 [(Tenn. 2001)]; *Smith v. Se. Props. Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989)). Second, "each potential new party must have known that but for a misnomer or mistake concerning his or her identity, the action would have been brought against him or her." *Id.* (quoting *Rainey Bros. Constr. Co. v. Memphis & Shelby County Bd. of Adjustment*, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991)). Under the second prong of Rule 15.03, a party's "mistake" "does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant." *Id.* (quoting *Smith*, 776 S.W.2d at 109). "[T]he purpose of Tennessee Rule of Civil Procedure 15.03 is to enable parties to correct the 'mislabeling of a party they intended to sue,' *Grantham v. Jackson-Madison County Gen. Hosp. Dist.*, 954 S.W.2d 36, 38 (Tenn. 1997), not to add a new party who was simply overlooked." *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 591 (Tenn. Ct. App. 2013).

*Black*, 2020 WL 7786951, at *2. We further stated that once defendant established that the statute of limitations barred plaintiff's amended complaint, the burden shifted to plaintiff to establish that an exception to the statute applied and that the failure to name the new defendant in the original complaint had been a mistake as to the identity of the proper party. *Id.* at *3. In *Black*, we found no explanation for the mistake and no support in the record that Rule 15.03's requirements were met. *Id.* at *3–4. Thus, we affirmed the trial court. *Id.* at *5. Plaintiffs in the present case distinguish *Black* by saying that they have put forward a reasonable explanation for the mistake in identity of the defendant property owner.

In a subsequent case, *Mack v. Cable Equip. Servs., Inc.*, we identified three requirements for the relation back analysis under Rule 15.03:

> [A]n amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met: "(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (2) has received such

notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him."

No. W2020-00862-COA-R3-CV, 2022 WL 391458, at *10 (Tenn. Ct. App. Feb. 9, 2022), *perm. app. denied* (Tenn. Aug. 3, 2022) (quoting *Floyd v. Rentrop*, 675 S.W.2d 165, 167–68 (Tenn. 1984)).

In view of these authorities, we look to 1) whether Plaintiffs' amended complaint arose out of the same conduct, transaction, or occurrence set forth in their original complaint; 2) whether CBL Properties had notice of Plaintiffs' lawsuit within the one-year statute of limitations for personal injury or within 120 days of the commencement of the action; and 3) whether CBL Properties knew or should have known that, but for a mistake or misnomer concerning its identity, the action would have been brought against it.

With respect to Rule 15.03's first requirement, Plaintiffs' amended complaint arises out of the same transaction as the original complaint. In both pleadings, Plaintiffs sued for injuries allegedly sustained in a car accident at Old Hickory Mall on July 2, 2023. We therefore move to the second requirement of Rule 15.03 concerning notice. In their brief, Plaintiffs argue as follows:

The fact that CBL & Associates Properties Inc.'s registered agent for service of process, which it shares with CBL & Associates, Inc., was served with the original Complaint, combined with the shared and overlapping business structure of Defendants, show that not only was CBL & Associates Properties, Inc. on notice of the cause of action within the requirements of Rule 15.03 but also knew or should have known that but for a mistake or misnomer as to CBL & Associates Properties, Inc.'s identity, the cause of action would have been brought against it.

Plaintiffs argue that CBL Properties must have been on notice of Plaintiffs' lawsuit against CBL Associates within the relevant period of time because Lebovitz was an officer for both Defendants. Plaintiffs also point to Defendants' shared office and address.

It is undisputed that Lebovitz was Vice President and Treasurer of CBL Associates. However, the record does not reflect that Lebovitz was President of CBL Properties as Plaintiffs alleged. In support of their contention, Plaintiffs relied on a print-off from a biography page of an unidentified website. Defendants challenged this evidence as unauthenticated hearsay. Even accepting the document at face value, the biography page does not state that Lebovitz is President of CBL Properties. Moreover, if Lebovitz undisputedly were President of CBL Properties, nothing in the record shows that he received notice of Plaintiffs' lawsuit within 120 days of the commencement of the action

or within the limitations period. Lebovitz's first recorded activity in this case was on July 10, 2024, when he verified CBL Associates' interrogatory responses. The action was commenced more than 120 days before the applicable statute of limitations expired on July 2, 2024. Thus, if Lebovitz were President of CBL Properties, Plaintiffs failed to show that he received notice of the lawsuit within the relevant timeframe. In *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 797–98 (Tenn. Ct. App. 1997), we held that Rule 15.03's notice requirements were met when the senior pastor of the defendant church received a phone call from a reporter requesting comment on a lawsuit filed against the church. We stated that Rule 15.03 "envisions that the newly added defendant must receive actual notice of the lawsuit." *Id*. at 797. Here, there is no evidence of any such communication, whether formal or informal, whereby Lebovitz or any agent of CBL Properties received actual notice of Plaintiffs' lawsuit within the requisite period. Plaintiffs' argument is rooted in speculation.

Plaintiffs also point to Defendants' sharing an office and address in support of their argument that CBL Properties must have been put on notice of Plaintiffs' lawsuit. However, Plaintiffs cite no authority for the proposition that two distinct corporate entities sharing an office and address are necessarily presumed to be on notice of lawsuits filed by third parties against the other entity. On the contrary, Tennessee law recognizes corporate separateness. Our Supreme Court has stated that "courts are reluctant to disregard the separate existence of related corporations and thus have consistently given substantial weight to the presumption of corporate separateness." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 651 (Tenn. 2009). While Plaintiffs argue that Defendants have an "overlapping business structure," there is no evidence in the record that Defendants' corporate separateness is fictitious. The fact that Defendants share office space and an address does not sustain Plaintiffs' assumption that CBL Properties would necessarily have received notice of Plaintiffs' lawsuit against CBL Associates within the requisite period.

Finally, Plaintiffs argue that CBL Properties was put on notice of Plaintiffs' lawsuit by virtue of sharing an agent for service of process, Corporation Service Company, with CBL Associates. However, Tennessee law only imputes an agent's knowledge to a principal when the agent obtains that knowledge in the course and scope of the agent's employment. *See Marc v. Eck*, 715 S.W.3d 648, 655–56 (Tenn. Ct. App. 2024). There is no evidence that the scope of Corporation Service Company's duty to CBL Properties included informing it that a separate corporate entity, CBL Associates, had been sued by a third party. The fact that Defendants shared an agent for service of process does not mean that the agent's knowledge concerning Plaintiffs' lawsuit against CBL Associates is imputed to CBL Properties, a separate entity. This is especially true when the registered agent is a third party.

In its order granting Plaintiffs' amended motion to alter or amend, the trial court stated that Plaintiffs were not seeking to add a new party. Instead, the trial court found that Plaintiffs were merely correcting the defendant's name. However, despite having similar

names, CBL Associates is a different corporate entity from CBL Properties. This difference was also recognized in Plaintiffs' identification of CBL Associates in their original complaint as a Tennessee-based company and in their identification of CBL Properties in their amended complaint as a for-profit foreign corporation incorporated and/or organized under Delaware law. Plaintiffs did not merely misspell a company's name; they mistakenly sued a different corporate entity. Plaintiffs have offered only assumptions that CBL Properties knew about the lawsuit against CBL Associates during the relevant period based on Defendants' apparent ties.

Plaintiffs state that summary judgment in favor of CBL Associates based on Plaintiffs' honest mistake as to the property owner's identity is unduly harsh and constitutes a manifest injustice. In their brief, Plaintiffs urge that a "legal technicality" should not prevent them from pursuing their case on the merits. However, notice to the party to be added or substituted is not a mere technicality; it is an essential requirement for relation back under Rule 15.03. "Notice is the critical element involved in determining whether amendments to pleadings relate back." *Floyd*, 675 S.W.2d at 168. This Court has stated that "we decline to allow a relation back amendment where the defendant did not receive timely notice of a filed lawsuit pursuant to Rule 15.03." *Hensley v. Stokely Hosp. Props., Inc.*, No. E2019-02146-COA-R3-CV, 2020 WL 5415483, at *4 (Tenn. Ct. App. Sept. 9, 2020). As to the alleged harshness of the result, we note that Plaintiffs knew as early as March 18, 2024, based on CBL Associates' answer, that CBL Associates denied being the owner of the subject property.

The parties spend much time discussing whether Plaintiffs' mistake of naming the wrong defendant was a "misnomer" or a "misidentification." However, based on our review of Tennessee authorities, the essential question is whether the requirements of Rule 15.03 have been met. The issue is substantive, not semantic. The practical distinction is that in the case of a simple misspelling or misnomer, the proper party already is before the court. When a plaintiff attempts to add an altogether new party, such as here, issues arise as to whether that party was on timely notice of the lawsuit and whether that party knew or should have known that the action would have been brought against it but for a mistake or misnomer. Thus, whether Plaintiffs' mistake is couched as a misnomer or misidentification, Plaintiffs had to meet the requirements of Rule 15.03 to add CBL Properties as a party-defendant. One such requirement was timely notice to the party to be added. Because notice is an essential requirement for relief under Rule 15.03, and Plaintiffs failed to meet that requirement, Plaintiffs may not amend their pleadings to add CBL Properties as a party-defendant under Rule 15.03.[3]

---

[3] Plaintiffs' failure to meet the notice requirement for relation back under Rule 15.03 pretermits our consideration of whether CBL Properties knew or should have known that, but for Plaintiffs' mistake concerning the identity of the proper party, the action would have been brought against it.

Given Plaintiffs' failure to establish that CBL Properties had notice of the lawsuit within 120 days of the commencement of the action or within the limitations period, we are constrained to conclude that the trial court applied an incorrect legal standard and based its decision on a clearly erroneous assessment of the evidence. For these reasons, the trial court abused its discretion in granting Plaintiffs' amended motion to alter or amend. We reverse the judgment of the trial court and reinstate the trial court's original grant of summary judgment.

## CONCLUSION

The judgment of the Circuit Court for Madison County is hereby reversed. Costs on appeal are assessed to the appellees, Brandon Coleman and Jaden Lee, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE